## JENNINGS v. PARR.

1. PLEADING—PRACTICE—DEMURRER.—The objection, that the plaintiff had not legal capacity to sue, must be raised by answer or demurrer.
2. SUBROGATION.—Under the facts in this case, the doctrine, that a purchaser at a void foreclosure sale becomes the equitable assignee of the bond and mortgage foreclosed, is not applicable. MR. CHIEF JUSTICE MCIVER *dissenting*.
3. TRUSTEE—PRACTICE.—A trustee of an express trust may sue in his own name for benefit of his *cestui que trust*.
4. RENTS AND PROFITS—MORTGAGOR AND MORTGAGEE—LIMITATION OF ESTATES.—Under the facts in this case, the trustee held the land for himself for his life, with remainder over, and his remaindermen cannot be held to account for rents and profits during his lifetime. MR. CHIEF JUSTICE MCIVER *dissenting*.
5. RES JUDICATA.—Questions raised in this proceeding held not *res judicata*.
6. PETITION FOR REHEARING refused.

Before WATTS, J., Fairfield, September, 1896.  Reversed.

Action by Robert Jennings, as clerk of court for Fairfield County, against Henry L. Parr. The following is the Circuit decree, omitting the statement of facts, which are fully stated in opinion of Mr. Justice Gary:

The defendant pleads estoppel by the judgment in the case of Samuel B. Clowney, as clerk, *v.* Henry L. Parr and Wm. B. Elkin, administrator. He also pleads the presumption of payment and the statute of limitations, actual payment, and demands an accounting of the rents and profits during the possession of Wm. B. Elkin, trustee, and Mary A. Elkin and Judith W. Ruff, &c. He also pleads that the complaint does not state facts sufficient to constitute a cause of action. The case was referred by consent to W. D. Douglass, Esq., to take the testimony, and the same comes before me on the report of the referee, the testimony, and argument of counsel. Under the view which I take of this case, it will not be necessary for me to pass upon all the issues raised by counsel. Samuel B. Clowney, the predecessor in office of the present plaintiff, as such clerk, brought his action on the same bond and mortgages now in suit, under which proceeding the lands of the defendant described in the complaint in this action were sold by the sheriff, and execution returned to the clerk "satisfied." What was the effect of this sale, void though it was as to the defendant, Henry L. Parr? I take it that the law is well settled that a purchaser at a void judicial sale, though he may acquire no title to the land by virtue of the sale, becomes the assignee of the bond and mortgage, and succeeds to all the rights of the mortgagee as such. See Freeman on Void Judicial Sales; *Stoney* v. *Shultz*, 1 Hill Eq., 495; *Givens* v. *Carroll*, 40 S. C., 413; *Williams* v. *Washington*, 40 S. C., 457; *Brobst* v. *Brock*, 10 Wall., 534, and *Davis* v. *Gains*, 104 U. S., 386. These cases have recently been affirmed by the Supreme Court of the United States in a manuscript case, Bryan *v.* Brassius, reported advance sheets, June, 1896. Such is the effect universally given to a void or irregular judicial sale as matter of law.

In the deed from Silas W. Ruff, as sheriff, to William B. Elkin, trustee, and Mary A. Elkin and Judith W. Ruff, conveying the "Montgomery tract," *in pursuance of the judgment and sale* in the case of *Samuel B. Clowney, as clerk,* v. *Henry L. Parr and Wm. B. Elkin, as administrator,* in addition to the usual terms conveying all the right, title, hereditaments, appurtenances, &c., the said sheriff uses the following additional language: "And also the estate, right, title, interest, property, benefit, *claim, and demand* whatsoever, both at law and in equity, of the said Henry W. Parr, deceased, *and of all the parties to the said suit,*" to the said Wm. B. Elkin, trustee, &c. I hold, therefore, both as matter of law and fact, that Samuel B. Clowney, as clerk, by his sale on the 2d December, 1877, parted with his entire interest in the bond and mortgage in this case; and I conclude as matter of law that the plaintiff in this action, as his successor in office, has no right to bring this suit. But even if I am wrong in this conclusion, and the plaintiff properly appears before the Court to recover any amount which may be due and unpaid on the bond and the mortgage, it is clear that he can have no higher rights in the premises than the real parties in interest would have were they suing in their own names. Wm. B. Elkin and Mary Ann Elkin and Judith W. Ruff were real parties plaintiff in interest in the case of *Samuel B. Clowney, as clerk,* v. *Henry L. Parr and Wm. B. Elkin, as administrator,* and purchased at their own sale and went into possession of the "Montgomery place" on 2d December, 1877, and are accountable as mortgagees in possession for the rents and profits during the period of their possession up to the time of the death of Wm. B. Elkin, trustee, April, 1890. Even if they had not been the real parties in interest, they became the assignees of the mortgage by virtue of the sale in that case, and, as in the case of *Givens* v. *Carroll et al.,* mortgagees in possession are liable for rents and profits. It appears, also, from the testimony in this case, that the "Elkin tract" of land was also sold, under the Clowney

judgment, on the same day as the Montgomery tract, and
purchased by one D. S. Murphy, for $726, and that the
same was paid over by the sheriff to the plaintiff's attorney
in that cause.   The defendant in this case waives his right
to go on Murphy for this land, and insists that the amount
of this bid be credited on the bond and mortgage in this
case, and I think this should be allowed.   Murphy was a
stranger to the record in that case, and a *bona fide* pur-
chaser, his equity is superior to any which the plaintiff can
have.   The defendant also insists upon a credit of $172
collected on the execution for deficiency, and also for the
value of cord wood and crossties taken off the land by
Wm. B. Elkin, as trustee, during the time of his possession
of the land, which I think should be allowed.   In addition
to all of this, the testimony shows that Wm. B. Elkin, as
trustee, during the time of his possession received, accord-
ing to the lowest estimate, ten bales of cotton per annum,
or 120 bales for the twelve years from the 2d December,
1877, to April, 1890, which (estimating the bales at 400
pounds per bale, which is the lowest estimate,) aggregate
in value, at the prices admitted, for the 1st of January of
each year, $4,535.   Taking the amount of the bond and
calculating the interest up to the day of the sale under the
Clowney judgment, and crediting the amounts then re-
ceived by the plaintiff's attorney for the "Elkin tract,"
$726, and the amount from the sale of the "Mill tract,"
$172, and taking the balance for a new principal, and cal-
culating the interest up to the 1st of January, A. D. 1879,
and applying them as a credit the value of the rents, less
the taxes, and so on for each succeeding year, according to
the rule laid down by the Supreme Court in the case of
*Givens* v. *Carroll*, 40 S. C., 413, and I find that the bond
and mortgage has been doubly paid.   Even if it should be
held that the amount of the Murphy purchase and the
amount collected on the execution for deficiency and
amounts for cord wood and crossties collected by Wm. B.
Elkin, trustee, be not allowed as credits, I find that the

amount of rents alone received by Wm. B. Elkin, trustee, during his possession of the premises, more than sufficient to pay the entire bond and interest.

It is, therefore, ordered and adjudged, that the complaint in this action be, and the same is hereby, dismissed.

From this judgment the plaintiff appeals on the following exceptions:

1. Because his Honor erred in finding as matter of law and fact that Samuel B. Clowney, as clerk, by his sale, on 2d December, 1877, parted with his entire interest in the bond and mortgage in question in this case, and that the plaintiff, as his successor in office, has no right to institute this suit; when he should have found that Samuel B. Clowney, as clerk, had no power or authority to part with his interest in the said bond and mortgage, or to give any such power or authority to his agent, Silas W. Ruff, the sheriff who made such sale, except upon the compliance by the purchaser, Wm. B. Elkin, with the terms of sale, and such terms not having been complied with by the said Wm. B. Elkin, the deed from Ruff, sheriff, to Wm. B. Elkin transferred no right or title to him to the said bond and mortgage.

2. Because his Honor erred in finding as matter of law and fact that Samuel B. Clowney parted with his entire interest in the bond and mortgage in question in this case, and that the plaintiff, as his successor in office, had no right to bring this suit; when he should have found that said sale having been declared null and void by the Supreme Court in the case of *Ruff* v. *Elkin*, 40 S. C., 69, and Wm. B. Elkin having paid no part of his bid, that no right or title to either of the land or the bond and mortgage in question in this case passed from the said Samuel B. Clowney.

3. Because his Honor erred in finding that the plaintiff in this action has no right to bring this suit, when such objection being apparent on the face of the complaint, the defendant waived the same by not demurring thereto upon

the ground that the plaintiff had not legal capacity to sue, or that there was a defect of parties plaintiff or defendant.

4. Because his Honor erred in finding that the plaintiff in this action had no right to bring this action, when such objection, if not apparent on the face of the complaint, the same was waived by the defendant by his not pleading such objection in his answer.

5. Because his Honor erred in finding that the plaintiff in this action had no right to bring this suit, when no such objection was taken upon such ground in writing, as required in the case of a demurrer by the rules of the Circuit Court.

6. Because his Honor erred in finding that the plaintiff in this action had no right to bring this action, when he should have found that Samuel B. Clowney, as clerk, in the case of *Samuel B. Clowney, as clerk* v. *Henry L. Parr and Wm. B. Elkin, as administrator of Henry W. Parr, deceased,* not having received any portion of the purchase money of the Montgomery tract of land from Wm. B. Elkin, the purchaser, nor Silas W. Ruff, the sheriff, who made such sale, and no confirmation of such sale having been made by the Court, the said Clowney, as clerk, was, and the plaintiff, as his successor in office, still is, the owner of the bond and mortgage in question in this case, for the purpose of discharging the duties required by the Court in the decretal order in the case of *Wm. B. Elkin* v. *Silas W. Ruff et ux. et al.,* wherein said bond and mortgage were given.

7. Because his Honor erred in finding that Mary Ann Elkin and Judith W. Ruff were purchasers with Wm. B. Elkin in his alleged purchase of the Montgomery tract of land, under proceedings in the case of *Clowney, clerk,* v. *Henry L. Parr and Wm. B. Elkin, as administrator of Henry W. Parr, deceased,* when there was not only no evidence to show that they were such purchasers, but the sheriff's book and the sheriff's deed showed that they did not purchase said land.

8. Because his Honor erred in finding and adjudging that

the beneficiaries of the plaintiff were liable to account for the rents and profits of the Montgomery tract of land, and for the cord wood and crossties taken therefrom by Wm. B. Elkin, when, from the undisputed testimony in this case, neither they nor Mary Ann Elkin or Judith W. Ruff were ever at any time in possession of said land, or ever at any time received any rents or profits from the same, or any cord wood or crossties, or were entitled to receive such rents and profits or the possession of said land, until the death of Wm. B. Elkin, in April, 1890, since which time the defendant has been in the sole possession and enjoyment of said Montgomery tract of land.

9. Because his Honor erred in finding and adjudging that the beneficiaries of the plaintiff are liable to account for the rents and profits of the Montgomery tract of land and for the crossties and cord wood taken therefrom by Wm. B. Elkin, when these beneficiaries, who are the children and grand-children of Mary Ann Elkin and Judith W. Ruff, hold their rights and interest in the bond and mortgage in question in this case, as purchasers under the will of James Elkin, deceased, and under the terms and provisions of the decretal order in the case of *Wm. B. Elkin* v. *Silas W. Ruff et ux. et al.*, and not as heirs of the said Mary Ann Elkin and Judith W. Ruff.

10. Because his Honor erred in finding and adjudging that the beneficiaries of the plaintiff are liable for the rents and profits of the Montgomery tract of land received by Wm. B. Elkin, trustee, and for the cord wood and crossties taken therefrom by him, when neither Clowney, as clerk, nor Ruff, as sheriff, under the attempted sale in the case of *Clowney, clerk,* v. *Henry L. Parr and Wm. B. Elkin, as administrator of Henry W. Parr, deceased,* had any power or authority to assign the bond and mortgage in question in this case "unto the said William B. Elkin, as trustee, his successors in trust, nevertheless and to and for the following uses and purposes—that is to say, in trust for the said William B. Elkin and Mary A. Elkin and Judith W. Ruff, sub-

ject to and in accordance with the provisions, conditions, and limitations contained in the last will and testament of James Elkin, deceased, now on file in the office of the judge of probate for Fairfield County, and their heirs, in accordance with the limitations contained in said will."

11. Because his Honor erred in finding and adjudging that the beneficiaries of the plaintiff were liable to account for the rents and profits received by Wm. B. Elkin from the Montgomery tract of land and for the cord wood and crossties received by him from the same place, when many of said beneficiaries of the plaintiff were, at the time of the alleged sale of said Montgomery place, infants, and could not give their consent to the attempted change of investment under the proceedings in the case of *Clowney, clerk, v. Henry L. Parr and Wm. B. Elkin, administrator of Henry W. Parr, deceased,* and which is practically effected by the imposition of the doctrine of subrogation by the judgment of his Honor in this case.

12. Because his Honor erred in adjudging that Wm. B. Elkin, trustee, is accountable in this action for the rents and profits of the Montgomery place and for the cord wood and crossties taken therefrom by him, when, from the facts and circumstances in this case, it clearly appeared that the said Wm. B. Elkin took and held possession of said place as purchaser and not as mortgagee, and the latter character should not be imposed upon him or his *cestui que trustents,* unless he or they invoke such an equity to protect his or their possession.

13. Because his Honor erred in finding and adjudging that the beneficiaries of the plaintiff were liable for the rents and profits received by Wm. B. Elkin, and for the cord wood and crossties taken by him from the Montgomery place, when it appeared from the undisputed testimony, and also from the judgment of his Honor herein, that Wm. B. Elkin was, at the time of such possession of said place and the use of said crossties and cord wood, the duly appointed guardian of the defendant herein, and that, in the

character of guardian, he is liable on said account, and not as mortgagee in possession.

14. Because his Honor erred in dismissing the complaint, when the plaintiff alleged facts sufficient and proper for relief on the equity side of the Court.

15. Because his Honor erred in not adjudging that the plaintiff recover of the defendant the sum of $1,995, with interest thereon from the 5th day of April, 1890.

16. Because his Honor erred in the statement of the account for which the beneficiaries of the plaintiff were liable, in charging them twice with the amount of the money paid by D. S. Murphy for the Elkin tract of land, to wit: $726.

17. Because his Honor erred in dismissing the complaint in this action.

Defendant's attorneys served the following notice:

Please take notice that counsel for the defendant, in addition to the grounds upon which the decree in above cause is rested by his Honor, Judge Watts, will urge that said decree be sustained, upon the ground that the issues raised in this case were concluded by the judgment of the Court in the case of *Samuel B. Clowney, as clerk,* v. *Henry L Parr and Wm. B. Elkin, as administrator,* said judgment never having been vacated or set aside.

*Messrs. J. G. McCants* and *J. E. McDonald,* for appellant. The former cites: *Former sale void:* 39 S. C., 537; 9 Rich. Eq., 395; Bail. Eq., 22; 40 S. C., 69; 1 Bail. L., 611. *Clerk acted outside of scope of agency:* 1 McC., 53. *And cestui que trust not bound by it:* 9 Rich. Eq., 311; 22 S. C., 333; 2 Hill Ch., 644; 5 Rich. Eq., 272, 48; 24 S. C., 179. *Want of capacity to sue must be raised by answer or demurrer:* Code, 169; 21 S. C., 27; 25 S. C., 309. *Mortgagee in possession of land must account for rents only when there is loss to subsequent encumbrancer:* 30 N. J. Eq., 602. *Limitation not too remote:* 10 S. C., 354; 23 S. C., 42; 48 S. C., 440; 41 S. C., 209; 38 S. C., 440; 8 Rich. Eq., 259; 12 S. C., 576; 16 S. C., 228; 24 S. C., 304; 3 Rich. Eq.,

574; 16 S. C., 311; 21 S. C., 311; 23 S. C., 224; 2 McC., 256. *Entry of satisfaction may be explained:* 1 Bail. L., 34; 1 McC., 52.

*Messrs. Ragsdale & Ragsdale*, contra, cite: *Clerk could not maintain this action:* 15 S. C., 170; Code, 132; Bail. Eq., 192; 18 Wall., 493; 40 S. C., 413; 1 Hill Eq., 495; 32 S. C., 215; 10 S. C., 31; 1 Nott & McC., 104; 13 Rich., 222; 40 S. C., 457; 10 Wall., 534; 162 U. S., 415. *Deed by sheriff at void sale assigns mortgage:* 10 S. C., 31; 1 N. & M., 104; 13 Rich. Eq., 222; 40 S. C., 413. *Parties take by inheritance and not as purchasers:* 1 Rich. Eq., 404; 3 Rich. Eq., 384; Bail. Eq., 536; McC. Eq., 35; 16 S. C., 293, 303; 48 S. C., 440; 28 S. C., 495; 23 S. C., 225; 17 S. C., 550. *Plaintiff is estopped by judgment in 40 S. C., 193:* 19 S. C., 399; 1 Hill Ch., 22; 30 S. C., 499; 34 S. C., 469, 452; 19 S. C., 498; 24 S. C., 402; 1 S. C., 69; 39 S. C., 477.

This opinion was filed November 8, but remittitur stayed until December 14, 1897. The opinion of the Court was delivered by

MR. JUSTICE GARY. This action was commenced on the 11th of August, 1894, by R. H. Jennings, as clerk of the court for Fairfield County, and successor in office of Samuel B. Clowney, against Henry L. Parr, to subject lands in his hands descended to the payment of his ancestor's debts. As his Honor, Judge Watts, says, it is a sequel to the case of *Ruff et al.* v. *Elkin et al.*, 40 S. C., 69.

The following is a statement of the facts out of which the questions herein arise: In 1857, James Elkin departed this life, leaving in full force and effect a last will and testament, which, *inter alia*, contained the following provisions: "To my son, Wm. B. Elkin, in consideration of the sum of one dollar to me in hand paid, and also on account of the natural love and affection I have for him, I give, bequeath, bargain, sell, and release, and by these presents do give, bargain, sell, and release, the lower or southwest part of the

land on which I live, and which is my only tract, and which part of my tract my said son, Wm. B. Elkin, run off, measured, and plotted some years ago, and which he found to contain 188 acres. The line which divides this land now bequeathed him, my said son, Wm. B. Elkin, from the other part of my land, runs from the Robertson corner, next Samuel Martin's land. And further, for the same reasons and considerations before named, I have given, granted, sold, and released, and by these presents do give, grant, and bargain, and release unto my said son, Wm. B. Elkin, 100 acres more of my land, to be given him off the east end of my tract, and so to be divided off to him as that shall include the dwelling house he built and lived in for some years, and also the spring. To have and to hold the said bargained, sold, and released lands to my said son, Wm. B. Elkin, and to his heirs, executors or administrators. I also will and bequeath the following negroes, to be given him at the death of my wife, Sarah Elkin, viz: Billy, Betsy, Dave, Hannah, Henry, Caroline, Prime, and Joshua, with all their issue and increase. The above named property, both real and personal, bequeathed, given, and sold to my said son, Wm. B. Elkin, is given to him on this express condition, that in case he die and leave no children, no heirs of his body, then, and in that case, the whole of it, without any exception, shall revert to and be, according to the provisions of this my last will and testament, the rightful property of my said two daughters, viz: the one-half of the whole to belong to my daughter, Mary Ann Elkin, and the other half to my daughter, Judy W. Ruff, and to their issue or children forever, and not to be subject to the debts of their husbands, said Elliott Elkin and Silas Ruff."

The tract of land said to contain 188 acres is the tract mentioned in the bill filed by Wm. B. Elkin in the then Court of Equity for Fairfield District, on the 12th of June, 1858, asking for a change of investment, and that the rights of the parties in the said tract of land known as the "Elkin" tract, be transferred therefrom to the fund arising from such

sale, and that a trustee be appointed by the Court to receive and manage the same, under the direction of the Court. A decree was made conformably to the prayer of the bill, and the "Elkin" tract of land was sold thereunder by Wm. R. Robertson, then commissioner in equity, to the said Henry W. Parr, who gave his bond, with Dr. Robert W. Coleman and John Scarborough as sureties on said bond, which was also secured by a mortgage of the premises. In 1870, Henry W. Parr gave to Dr. Robert W. Coleman a mortgage on a tract of land known as the "Montgomery" tract, containing 581 acres, to save him harmless by reason of his suretyship on said bond. In 1876, Henry W. Parr departed this life intestate, and Wm. B. Elkin became the administrator of his estate, and guardian of his infant son, Henry L. Parr, who was his only heir. In 1877, an action was commenced in the Court of Common Pleas for Fairfield County by Samuel B. Clowney, as clerk of the court, and as such successor in office of the commissioner in equity, against the defendant, Henry L. Parr, and Wm. B. Elkin, as administrator of the estate of Henry W. Parr, deceased, to foreclose the said mortgages. On the 9th day of May, 1877, his Honor, Judge Mackey, made a decree for the sale of the "Elkin" tract of land. On the 28th day of October, 1877, his Honor, Judge Kershaw, passed an order amending this decree so as to include the "Montgomery" tract of land. In pursuance of these orders, both the said tracts of land were sold on the 2d of December, 1877. The "Elkin" tract was purchased by D. S. Murphy for $726, and the "Montgomery" tract was purchased by Wm. B. Elkin for $1,995. An execution for an alleged deficiency of $272 was levied. upon what was known as the "Mill" tract, and it was sold to Joseph Freshly for $1,300. The price at which Wm. B. Elkin bid off the "Montgomery" tract was not paid; a deed, however, was made to him of the said land. The habendum clause of the deed is as follows: "To have and to hold the premises aforesaid, with its hereditaments, privileges, and appurtenances, unto the said Wm. B. Elkin, as trustee,

his successors in trust, nevertheless, and to and for the fol-
lowing uses and purposes—that is to say, in trust for the
said Wm. B. Elkin and Mary A. Elkin and Judith W. Ruff,
subject to and in accordance with the provisions, conditions,
and limitations contained in the last will and testament of
James Elkin, deceased, now on file and of record in the
office of the judge of probate for Fairfield County, and their
heirs, in accordance with the limitations contained in said
will." From the calendars of the Court, introduced in evi-
dence, it appeared that no report of the sale of the "Mont-
gomery" tract of land was ever made to the Court. Wm. B.
Elkin went into possession of the "Montgomery" tract of
land, immediately after the sale in December, 1877, and
received the rents and profits thereof until April, 1890,
when he departed this life without issue.

Thereafter Silas W. Ruff and others, children and grand-
children of Mary Ann Elkin (who died in 1884) and Judith
W. Ruff (who died in 1878), instituted suit to partition the
"Montgomery" tract of land, claiming title under the afore-
said deed to Wm. B. Elkin. Henry L. Parr having taken
possession of this land after the death of Wm. B. Elkin, was,
by agreement, made a party to said suit. It was further
agreed that the said Henry L. Parr should have the right
to introduce testimony impeaching the records in the case
of *Samuel B. Clowney, as clerk,* v. *Henry L. Parr and
Wm. B. Elkin, as administrator.* The case came on for
trial before his Honor, Judge Aldrich, and a jury in 1892.
The following issue was then submitted to the jury: "Is
Henry L. Parr the owner in fee of the land described in the
complaint?" The jury, by their verdict, answered, "Yes."
The plaintiffs then moved for a new trial on the minutes
of the Court, which was refused; thereupon they moved
that his Honor would "proceed to adjust the equities of the
parties;" this was also refused; whereupon his Honor, in the
language of the Supreme Court, "delivered his decree af-
firming the verdict of the jury, and dismissing the com-
plaint as against Henry L. Parr, with leave to the plaintiffs

to apply to the Court for such action as they may deem proper, and the law will permit, to revive the action against Wm. B. Elkin, administrator." In affirming the judgment of his Honor, Judge Aldrich, the Supreme Court said: "The plaintiffs surely have no right to partition the Montgomery tract of land until their right to it is established. From the view which was taken by the Circuit Judge, it seems to us that there was nothing for him to do but to dismiss the complaint as to Henry L. Parr, simply upon the ground that the sale of the Montgomery tract of land, under the aforesaid foreclosure proceedings, was, *as to him*, an utter nullity, simply as void as if it had never existed. The question of payment, in fact, was withdrawn from the jury, and this ruling was without prejudice to any rights the parties may be advised they are entitled to."

As hereinbefore stated, the present action was instituted by the plaintiff, as successor of Samuel B. Clowney. The defendant pleaded estoppel by the judgment in the case of Samuel B. Clowney, as clerk, against Henry L. Parr and Wm. B. Elkin, as administrator, also actual payment, the presumption of payment, and the statute of limitations, and demanded an accounting of the rents and profits during the time the land was in the possession of Wm. B. Elkin, trustee, as aforesaid. The defendant also interposed the objection that the complaint did not state facts sufficient to constitute a cause of action. By consent, the case was referred to W. D. Douglas, Esq., to take the testimony. Upon hearing the case, his Honor, Judge Watts, rendered a decree dismissing the complaint. The plaintiff appealed, upon numerous exceptions, which will appear by reference to the report of the case. The defendant also served notice that he would ask this Court to sustain the decree of the Circuit Court, upon the additional ground that the issues raised in this case were concluded by the judgment of the Court in the case of Samuel B. Clowney, as clerk, *v.* Henry L. Parr and Wm. B. Elkin, as administrator, said judgment never having been vacated or set aside.

The Circuit Judge dismissed the complaint, on two grounds: 1st. Because Samuel B. Clowney, as clerk, by his sale on 2d December, 1877, parted with his entire interest in the bond and mortgage in this case, and, therefore, the plaintiff in this action, as his successor in office, has no right to bring this suit. 2d. Because Wm. B. Elkin, Mary Ann Elkin, and Judith W. Ruff were real parties plaintiff in interest in the case of Samuel B. Clowney, as clerk, v. Henry L. Parr and Wm. B. Elkin, as administrator, having purchased at their own sale and gone into possession of the "Montgomery" tract of land, are accountable, as mortgagees in possession, for the rents and profits during the period of their possession, up to the time of the death of William B. Elkin in 1890, which rents and profits he finds are more than sufficient to satisfy the bond and mortgage.

We will proceed to consider the first ground upon which his Honor dismissed the complaint. The 16th paragraph of the complaint contains the following allegations: "That the plaintiff is now the duly elected and qualified clerk of the court of common pleas for the county of Fairfield, in the State of South Carolina, the successor in office of the said Samuel B. Clowney, as clerk as aforesaid, and, *as such, the legal owner and holder of said bond*" (italics ours). The answer says: "The defendant admits the truth of the allegations contained in the 16th paragraph of the complaint." Furthermore, the objection that the plaintiff did not have the legal capacity to bring this action did not appear upon the face of the complaint, and, as it was not set up in the answer, must be considered as having been waived. *Dawkins* v. *Mathis*, 47 S. C., 64.

But even if the objection had been properly interposed, it could not have been sustained. Wm. B. Elkin, Mary Ann Elkin, and Judith W. Ruff were the equitable owners of the bond and mortgage at and before the time of the sale. There was, therefore, no necessity for them to become, by operation of law, the equitable assignees of the bond and mortgage, as they were already the equitable

owners thereof. If they had been *strangers* to the bond and mortgage, then the doctrine stated in the opinion of Mr. Chief Justice McIver would have been applicable as to the equitable assignment by operation of law. The reason of the rule is for the protection of *purchasers* at void judicial sales, and grows out of the equitable necessities of the case. That principle cannot, however, be applied in this case, as there is no such necessity, especially when it is not invoked by the purchasers for their protection, but by the defendant to defeat their rights. The law will not do a nugatory act by conferring, by mere operation of law, a right which already exists. Again, as the sale was set aside at the instance of the defendant, it would be inequitable to deprive the purchasers of rights, *as to him*, which they had at the time of the sale; and equity will place them, as far as possible, in the same condition they were before the sale. As the purchasers were the mortgagees, and no rights of a third party, as purchaser, are involved, there is no difficulty in restoring the mortgagees to their equitable right of ownership of the mortgage.

But there is another reason why the plaintiff had the right to bring the action: The clerk of the court, as successor in office of the commissioner in equity, is the trustee of an express trust, and had the right to bring the action without joining with him the persons for whose benefit the action is prosecuted; and even if the purchasers became, by operation of law, the equitable assignees of the mortgage, the clerk of the court, as the *legal* title to the bond and mortgage was still in him, had the right to bring the action for the benefit of the real parties in interest. This principle applies with special force in this case, because, even admitting that the purchasers became, by operation of law, the equitable assignees of the bond and mortgage, they were the same parties who, at the time of the sale, were the equitable owners thereof. There is still another reason why the plaintiff had the right to bring this action: The amount for which the lands were sold on the

2d of December, 1877, was not sufficient to satisfy the mortgage; if, therefore, the purchasers became, by operation of law, the equitable assignees of the mortgage, it was only to the extent of the amount which they paid for the land, and not of the entire mortgage—*Givins* v. *Carroll,* 40 S. C., 413; thus leaving the right still in the clerk of the court, as the trustee of an express trust, to bring the action to subject the lands to the payment of the mortgage.    But if they became, by operation of law, the equitable assignees of the bond and mortgage, then they succeeded to all the rights which they previously had, one of which was that the clerk of the court, as the trustee of an express trust, should, if they so desired, bring the action to subject the land to the payment of the mortgage.

We will next consider the second ground upon which the Circuit Judge dismissed the complaint.    While we may concede that the principles announced in the opinion of Mr. Chief Justice McIver are correct as to the rights of Wm. B. Elkin, we do not think they are applicable to the rights of Mary Ann Elkin and Judith W. Ruff.    The words: "To have and to hold the said bargained, sold, and released lands to my said son, Wm. B. Elkin, and to his heirs, executors or administrators," created in Wm. B. Elkin a fee simple title in the land.    When these words are construed in connection with the other provisions of the will hereinbefore mentioned, they show that Wm. B. Elkin took a fee defeasible, upon his dying without children or heirs of his body living at the time of his death, in which event the land was to become the property of Mary Ann Elkin and Judith W. Ruff, as therein provided.    In other words, a fee was conferred upon Wm. B. Elkin, subject to an executory devise to Mary Ann Elkin and Judith W. Ruff.    Under these provisions of the will, Mary Ann Elkin and Judith W. Ruff had no right to the possession of the land during the lifetime of Wm. B. Elkin, and not even after his death, except upon the contingency of Wm. B. Elkin dying without children or heirs of his body living at

the time of his death. The deed to Wm. B. Elkin purported to convey the land, subject to the conditions and limitations contained in the will. Even if the deed to Wm. B. Elkin had been valid, Mary Ann Elkin and Judith W. Ruff would have had no right to the possession of the land during his lifetime, and his possession would in no wise have been considered as their possession. Mary Ann Elkin and Judith W. Ruff could not have maintained a suit for the partition of the land during the lifetime of Wm. B. Elkin, because they were not then entitled to the possession of the land. *Cannon* v. *Lomax*, 29 S. C., 372. How can they, therefore, be said to have been in *possession* of the land? Wm. B. Elkin, therefore, went into possession of the land under a deed which did not even purport to make his possession, by operation of law, that of Mary Ann Elkin and Judith W. Ruff. Mary Ann Elkin and Judith W. Ruff did not go into actual possession of the land, nor, as we have seen, were they constructively in possession. As Mary Ann Elkin and Judith W. Ruff were not in possession of the land, either actually or constructively, the doctrine applicable to mortgagees in possession cannot be invoked against them. The rights of these two daughters to the possession of the land did not arise until the death of Wm. B. Elkin, and they cannot, therefore, be held liable for his acts while in possession thereof. We think, therefore, the judgment of the Circuit Court was erroneous in applying the principles stated in his decree to the rights of Mary Ann Elkin and Judith W. Ruff.

The additional ground upon which the respondent asks this Court to sustain the judgment of the Circuit Court cannot be sustained. The Circuit Judge and the Supreme Court very carefully avoided adjudicating any of the rights of the parties, except that the defendant was the owner in fee of the land, by reason of the fact that he was not properly made a party to the action of Clowney, as clerk, *v.* Henry L. Parr and Wm. B. Elkin, as administrator. As the defendant was not properly made a

party to said action, it necessarily followed that he was the owner in fee of that land, as the only heir of Henry W. Parr. The practical result, in the case of Ruff *v.* Elkin, *supra*, was that the defendant was not bound by the judgment of foreclosure under which the land was sold. Although the defendant is the owner in fee of the land, it is nevertheless subject to the mortgage, which was a subsisting lien at the time of his ancestor's death.

The plaintiff is entitled to a judgment subjecting the land to the payment of the mortgage for the benefit of the representatives of Mary Ann Elkin and Judith W. Ruff. The mortgage, however, should be credited with the proceeds arising from the sale of the 181 acres, to wit: $726, and with $172 of the proceeds arising from the sale of the "Mill" tract, as of the time when the said proceeds were received. Interest on the mortgage should only be calculated from the time when Wm. B. Elkin died, as he was entitled to the interest up to that time, and the amount due by him to the defendant is more than sufficient to extinguish the interest he had in the mortgage.

These views render the other questions raised by the exceptions merely speculative, and they will not, therefore, be considered. For the foregoing reasons, I dissent from the judgment announced in the opinion of Mr. Chief Justice McIver, and think the case should be remanded to the Circuit Court for such further proceedings as may be necessary to carry into effect the views herein announced.

As these views are concurred in by Mr. Justice Pope and Mr. Justice Jones, it is the judgment of this Court, that the judgment of the Circuit Court be reversed, and the case remanded to the Circuit Court for such further proceedings as may be necessary to carry into effect the views herein announced.

JUSTICES POPE and JONES concur in the opinion of MR. JUSTICE GARY.

MR. CHIEF JUSTICE McIVER. The facts of this case are

so fully and clearly stated in the decree of the Circuit Judge as to supersede the necessity of any restatement of them here. This decree, together with the exceptions thereto, should, therefore, be incorporated in the report of this case. The defendant has also given notice, according to the proper practice, that he will urge that the decree appealed from should be sustained upon an additional ground stated in such notice, which should likewise be incorporated in the report of this case. The exceptions, though quite numerous, raise, substantially, only the following general questions: 1st. Whether the present plaintiff can maintain this action? 2d. Whether the amount of the rents and profits received by Wm. B. Elkin, during the time he was in possession of the land covered by the mortgage given to secure the payment of the bond, which constitutes the basis of the present action, should be applied as a credit on such mortgage debt?

As to the first question, it appears in this case that Samuel B. Clowney, the predecessor in office of the present plaintiff, brought an action against Wm. B. Elkin, as administrator of Henry W. Parr, and the present defendant, Henry L. Parr, as the sole heir at law of said Henry W. Parr, for foreclosure and sale of the premises covered by the mortgage given to secure the payment of the bond which constitutes the basis of the present action, in which action judgment for foreclosure and sale was obtained; and that under said judgment the land, now sought to be subjected to the payment of the said bond, was offered for sale by the sheriff of Fairfield County, and bid off by said Wm. B. Elkin, on the 3d day of December, 1877, who went into possession and retained the same up to the time of his death, in April, 1890, titles having been made to said Wm. B. Elkin, as trustee, by the sheriff on the day of sale, "in trust for the said Wm. B. Elkin and Mary A. Elkin and Judith W. Ruff, subject to and in accordance with the provisions, conditions, and limitations contained in the last will and testament of James Elkin, deceased." In this transaction

no money passed, but the amount of the bid, $1,995, was credited on the judgment—the parties for whose benefit the purchase was made being the real parties in interest—and execution was issued for the deficiency, which was returned "satisfied." Subsequent to the death of said Wm. B. Elkin, the said Mary A. Elkin and Judith W. Ruff both being then dead, an action was brought by some of the issue of said Judith W. Ruff, against others of her issue, and against the issue of said Mary A. Elkin, for the partition of the land bought by Wm. B. Elkin, as trustee as aforesaid, under the Clowney judgment, which they claimed under said purchase. To that action the present defendant, Henry L. Parr, was also made a party defendant, under the allegation that he had taken wrongful possession of the said land soon after the death of Wm. B. Elkin, and unlawfully detains the same from the plaintiffs and the other defendants. In that action it was adjudged that the said Henry L. Parr had never been lawfully divested of his title to the said land because he had never been made a party to the action brought by Clowney, as clerk, for the foreclosure, and hence that the plaintiffs and the other defendants were not entitled to partition of said land. See *Ruff* v. *Elkin*, 40 S. C., 69. Thereupon the present action was commenced by R. H. Jennings, as clerk and successor in office of the said Clowney, to subject the land called the Montgomery tract—which had been bid off by Wm. B. Elkin, as trustee, under the Clowney judgment, but now in the possession of the defendant, Henry L. Parr, as heir at law of the said Henry W. Parr—to the payment of the bond secured by the mortgage which had been foreclosed in the action brought by Clowney, as predecessor in office of the present plaintiff. While it is true that it has been adjudged, in *Ruff* v. *Elkin*, *supra*, that Wm. B. Elkin, as trustee, took no title to the land under the sale made by virtue of the Clowney judgment, yet the Circuit Judge held that the effect of that sale was to transfer the bond and mortgage to the purchaser, Wm. B. Elkin, as trustee, who thereby became the equitable

assignee of the bond and mortgage, and that Clowney, thus having parted with his entire interest in the bond and mortgage, the present plaintiff, as his successor, has no right to bring this action. This ruling was based upon the well settled doctrine, that a purchaser of land at a judicial sale, though he may acquire no title to the land, becomes the assignee of the bond and mortgage, and succeeds to all the rights of the mortgagee, and is subject to all liabilities of the mortgagee. This doctrine has been explicitly recognized and applied in at least three cases in this State— *Stoney* v. *Shultz*, 1 Hill Ch., at page 499; *Givins* v. *Carroll*, 40 S. C., at page 416; and *Williams* v. *Washington*, 40 S. C., at p. 461. The same doctrine has also been recognized by the Supreme Court of the United States in *Brobst* v. *Brock*, 10 Wall., at page 534; *Davis* v. *Gaines*, 104 U. S., at page 406, and in the very recent case of *Bryan* v. *Brasius*, 162 U. S., 415. It is contended, however, by appellants, that the defendant is precluded from taking the foregoing position in this case for the following reasons: 1st. Because, by his answer, he has admitted expressly the allegation in the complaint that the plaintiff is "the legal owner and holder of said bond." It will be observed that the doctrine above stated is based *not* upon the idea that the sale operated as a formal, legal transfer of the bond and mortgage, but that the effect, *in equity*, was to assign the bond and mortgage. While, therefore, it may be true, that the plaintiff was the *legal* owner and holder of said bond, he was not the *equitable* owner, and had no right to enforce the same. 2d. That Clowney had no authority to assign the bond and mortgage. This is answered by the statement that the assignment resulted by operation of law, and not by the act of the parties. 3d. It is contended that this objection should have been taken by demurrer, and not having been so taken, must be regarded as waived. But the complaint does not allege that any *sale* was made under the Clowney judgment—it only alleges the recovery of such judgment. Hence there was no ground for a demurrer—

and the fact of the sale was alleged in the answer, and from that fact the legal conclusion is drawn that Clowney had thereby parted with his entire interest in the bond and mortgage, and the same had, by operation of law, become vested in the purchaser, who thereby became the mortgagee.

If, therefore, as we have seen, Wm. B. Elkin, as trustee, by reason of his purchase at the sale made under the Clowney judgment, must be regarded as the assignee of the bond and mortgage upon which that judgment was obtained, he must, upon well-settled principles, account for the rents and profits of the land, as mortgagee in possession, from the time he took possession, on the 3d of December, 1877, up to the time of his death, in April, 1890—a period of more than twelve years—before either he or those who claim under him can claim anything on the bond secured by the mortgage. And if, as the Circuit Judge finds, such rents and profits amounted to a sum more than sufficient to extinguish the bond, then clearly the plaintiff could in no view of the case recover. We do not understand that this particular finding of fact is excepted to; for while there are some exceptions to other credits claimed by the defendant, to wit: the amount of the Murphy purchase, and the amount collected on the execution for deficiency, and the amounts received for cord wood and crossties, we do not find any exception to the finding that the amounts received for rents was more than sufficient to pay the entire bond and interest. But, even if excepted to, we think the finding of the Circuit Judge is fully sustained by the testimony. It is contended, however, by appellants, that the rents and profits received by Wm. B. Elkin should not be credited on the bond, for several reasons. 1st. Because they say there was no evidence to show that Mary Ann Elkin and Judith W. Ruff were joint purchasers with Wm. B. Elkin of the land bid off by him at the sale under the Clowney judgment, and, on the contrary, that the sheriff's book shows that he was the sole purchaser. A complete answer to this position will be found in the terms of the deed made to Elkin, as

trustee, by the sheriff, Silas W. Ruff, a son of Judith W. Ruff, by which the land is conveyed to "the said William B. Elkin, as trustee, his successors in trust, nevertheless, and to and for the following uses and purposes, that is to say: in trust for the said William B. Elkin and Mary A. Elkin and Judith W. Ruff, subject to and in accordance with the provisions, conditions, and limitations contained in the last will and testament of James Elkin, deceased." It must be assumed that the terms of this deed were known to and acquiesced in by the said Mary A. Elkin and Judith W. Ruff, and hence neither they nor their issue, who claim under them, are in a condition to deny such trust relation to the said Wm. B. Elkin. In addition to this, the said issue, in their action for partition, above referred to, not only expressly recognized this deed, but based their claim for partition upon its terms. 2d. The counsel for appellants contends that the issue of the said Mary A. Elkin and Judith W. Ruff do not claim through or under those two ladies, but that they take as purchasers under the terms of the devise contained in the will of James Elkin, and hence they are not to be affected by any trust relation between Wm. B. Elkin and Mary A. Elkin and Judith W. Ruff, if any such relation existed. We are not able to accept this view, and, on the contrary, are of opinion that the authorities cited in respondent's argument are quite sufficient to show that the said issue do not take as purchasers under the will of James Elkin, but that they take by inheritance from their respective ancestors. But we do not deem it necessary to pursue the inquiry further as to how the said issue take; for, under the view which will next be presented, it is immaterial whether any trust relation existed either between Wm. B. Elkin and Mary A. Elkin and Judith W. Ruff, or between Wm. B. Elkin and the issue of those two ladies.

According to our view, the true theory of the case is, as we have shown above, that Wm. B. Elkin, by virtue of his purchase at the sheriff's sale, though he acquired no title to

the land, yet he thereby became the equitable assignee of the bond and mortgage, and that when he took possession of the land under that sale, he did so as mortgagee, and as such became liable to account to the mortgagor, and to the defendant, Henry L. Parr, who claims under such mortgagor, as heir at law, for the rents and profits of the land of which he has thus taken possession.   If, therefore, the amount of the rents and profits received by the mortgagee, while in possession of the lands, proved to be more than sufficient to pay the mortgage debt, as we have seen was the fact, the result is, not only that the lien of the mortgage has been discharged, but also that the debt secured by such mortgage has been extinguished by actual payment derived from the property of the defendant, Henry L. Parr.   Hence it follows that no action can be maintained, in any form, for the recovery of a debt which has been actually paid.   The position taken in the thirteenth exception, that because Wm. B. Elkin happened to be the guardian of Henry L. Parr at the time he went into possession of the land, he must be held to have received the rents and profits as such guardian, manifestly cannot be sustained, because there is nothing whatever in the case upon which even a pretense could be founded, that he took possession of the land as guardian; on the contrary, all the proceedings conclusively show that his possession was adverse to the rights of Henry L. Parr, and that position was stoutly contended for by the very same parties for whose benefit the present action was instituted in the case of *Ruff* v. *Elkin, supra.*

The other exceptions require no special notice further than to say that they are all overruled   Under our view, it becomes unnecessary to consider the additional grounds for affirmance, urged by respondent.

The judgment of this Court should be, that the judgment of the Circuit Court be affirmed.

PER CURIAM.   A petition for a rehearing in this case was

filed by the said Henry L. Parr, upon the grounds which are set forth in the petition.

The first ground will first be considered. The eleventh paragraph of the complaint alleges, *inter alia*, that no part of said bond has been paid, except the interest thereon up to the 20th day of November, 1874, paid by the said Henry W. Parr, and interest paid thereon by the said Henry W. Parr on the 6th day of February, 1876.

The fourth paragraph of the answer denies these allegations. The Circuit Judge, under the view which he took of the case, did not think it necessary, and, therefore, did not pass upon said issues. The question as to the partial payments mentioned in said first ground was not before the Supreme Court for its consideration. This Court, in stating that the mortgage should be credited with the proceeds arising from the sale of the 181 acres, to wit: $726, and with $172 of the proceeds arising from the sale of the "Mill" tract, did not intend to render a decision as to other payments which were not presented for its consideration; and as the partial payments mentioned in said first ground were not before this Court for consideration, of course the judgment of this Court cannot be construed as affecting the questions of such partial payments.

We will next consider the other grounds urged for a rehearing. It is sufficient to say that the respondent did not give notice that he would ask this Court, if it should find it necessary, to sustain the judgment of the Circuit Court on the grounds mentioned in said petition, and the questions raised by said grounds were not before the Supreme Court for consideration.

It is, therefore, ordered, that the petition for a rehearing be dismissed, without prejudice to the right of the defendant to have the question as to the partial payments mentioned in the first ground aforesaid passed upon by the Circuit Court, and that the remittitur be forthwent sent down to the Circuit Court.